UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-769 PA (MBKx) | | Date | May 27, 2026 |
|---|---|---|---|---|
| Title | Riufeng Jin  v. Aleyandro Mayorkas, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

On May 4, 2026, the Court issued an Order to Show Cause requiring plaintiff Riufeng Jin ("Plaintiff") to show cause in writing why this action should not be dismissed for lack of prosecution based on Plaintiff's apparent failure to serve defendants Alejandro Mayorkas, Merrick Garland and David Radel (collectively "Defendants") within the deadline established by Federal Rule of Civil Procedure 4(m).  (Docket No. 9.)  Plaintiff's response to the Order to Show Cause was due on May 11, 2026, but to date, Plaintiff has not filed any response.

Under Federal Rule of Civil Procedure 4(m), service of process on a defendant is due within 90 days of the filing of the complaint.  Here, Plaintiff filed this action on January 26, 2026.  By the time the Court issued its Order to Show Cause on May 4, 2026, Rule 4(m)'s 90-day period had already expired, and Plaintiff had not filed any proofs of service or requested additional time to do so.  Even after receiving the Order to Show Cause, Plaintiff still has not filed any proofs of service or otherwise responded to the Order to Show Cause.  Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is
> filed, the court – on motion or on its own after notice to the plaintiff
> – must dismiss the action without prejudice against that defendant or
> order that service be made within a specified time.  But if the
> plaintiff shows good cause for the failure, the court must extend the
> time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Plaintiff's failure to respond to the Order to Show Cause does not establish good cause for the delay in timely serving Defendants.  Instead, it appears that Plaintiff has abandoned this action.  This action is therefore dismissed under Rule 4(m) without prejudice as a result of Plaintiff's apparent failure to timely serve Defendants or establish good cause for that failure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-769 PA (MBKx) | Date | May 27, 2026 |
|---|---|---|---|
| Title | Riufeng Jin  v. Aleyandro Mayorkas, et al. | | |

Grounds also exist to dismiss this action due to Plaintiff's failure to diligently prosecute his claims.  The Court may also dismiss an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629–30; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor.  Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

Under the third Henderson factor, the risk of prejudice to the defendant, "[d]elay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations."  Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976).  Plaintiff's delay in serving Defendants thus at least marginally favors dismissal.

In considering the fourth and fifth Henderson factors, the Court notes that its Standing Order, issued on January 28, 2026 directed Plaintiff to "promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3-1." (Docket No. 8 at p. 1.)  Thus, Plaintiff was on notice of his obligation to follow the Rule 4(m) deadline but failed to do so.  Moreover, Plaintiff has not filed anything in this case since initiating the action in January 2026 and thus appears to have abandoned this case.  Finally, the Court is adopting the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-769 PA (MBKx) | Date | May 27, 2026 |
|---|---|---|---|
| Title | Riufeng Jin  v. Aleyandro Mayorkas, et al. | | |

court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Thus, on balance, the Henderson factors weigh in favor of dismissing the action.

Accordingly, pursuant to Rule 4(m) and as a result of Plaintiff's failure comply with Court orders and to diligently prosecute this case, this action dismissed without prejudice.  See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.  The Court will enter a Judgment consistent with this Order.

IT IS SO ORDERED